# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CASSANDRA HOLLEY,**

      **Plaintiff,**

**v.**                                                         **Case No:   6:15-cv-1626-Orl-40GJK**

**SEBEK KIRKMAN LLC d/b/a
STONINGTONS SEAFOOD
RESTAURANT, and NICOLA O.
SWABY,**

      **Defendants.**

___

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   JOINT MOTION AND MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 22)
>
> **FILED:**     April 5, 2016
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

### I.   BACKGROUND.

On September 30, 2015, Cassandra Holley (the "Plaintiff") filed a complaint (the "Complaint") against Sebek Kirkman LLC and Nicola O. Swaby (collectively, the "Defendants"), alleging violations of the overtime provisions of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et. seq.* (the "FLSA"). Doc. No. 1. Plaintiff alleges she was employed by Defendants as an assistant manager from March 14, 2014 to October 2014, and then again from

March 21, 2015 through June 9, 2015. Doc. No. 15 at 3. On April 5, 2016, the parties filed a Joint Motion and Memorandum of Law In Support of Request for Approval of Settlement Agreement (the "Motion"), requesting that the Court approve their Confidential Settlement Agreement and General Release (Doc. No. 22-1) (the "Agreement"), and dismiss the case with prejudice. Doc. No. 22 at 5. This matter has been referred to the undersigned for a report and recommendation. Doc. No. 6. For the reasons that follow, it is recommended that the Motion be granted in part and denied in part.

## II. LAW.

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. *See also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement,

the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

*Id.* at 351-52.[2] In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

reasonable. *See Silva*, 307 F. App'x at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Fla. Metal Recycling, LLC*, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Food* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id*. The undersigned finds this reasoning persuasive.

**III.   ANALYSIS.**

   **A.  Settlement of Plaintiff's FLSA Claims.**

This case involves disputed issues of coverage and liability under the FLSA, which constitutes a bona fide dispute.  Doc. Nos. 1; 9; 15; 22.  The parties are represented by independent counsel, who are obligated to vigorously represent their clients.  *Id*.  Under the Agreement, in exchange for a mutual general release, confidentiality provision, mutual non-disparagement covenant, and waiver of future employment, Plaintiff has agreed to compromise her claims for a total settlement amount of $7,000.00, representing: $1,232.50 in unpaid overtime wages; $1,232.50 in liquidated damages; and $4,535.00 payable to Plaintiff's counsel for attorneys' fees and costs.  Doc. No. 22-1 at 2.  Plaintiff will not receive any additional consideration under the Agreement for the general release, confidentiality provision or mutual non-disparagement covenant.  *Id*.

Plaintiff originally estimated that she was owed $2,465.00 in unpaid overtime wages plus and equal amount in liquidated damages.  Doc. No. 15 at 4.  As such, the Agreement reflects a compromise of Plaintiff's FLSA claim.  Doc. No. 22-1 at 2.  In the Motion, the parties state that Plaintiff agreed to compromise her claim based upon: Defendants' allegation that they were not Plaintiff's employers under the FLSA; the possibility that she had been paid in full for all hours worked; the information obtained from Defendant after Plaintiff filed her answers to the Court's Interrogatories; the possibility that Defendants could not afford protracted litigation; and the benefit to Plaintiff of an early settlement.  Doc. No. 22 at 1-2.  After reviewing the Agreement and the reasons provided for Plaintiff's compromising her claim, it is **RECOMMENDED** that the Court find the amount of Plaintiff's settlement to be fair and reasonable.

### B. Attorneys' Fees and Costs.

Under the Agreement, Plaintiff's counsel will receive a total of $4,535.00. Doc. No. 22-1 at 2. In her sworn answers to the Court's Interrogatories, which were filed on January 25, 2016, Plaintiff avers that her counsel had expended 12 hours of work on the case at an hourly rate of $400.00 per hour. Doc. No. 15 at 4. In the Motion, Plaintiff's counsel states that he expended at total of 18 hours of work on the case. Doc. No. 22 at 4. Considering the total amount of time expended on the case (18 hours) and the total amount allocated for attorneys' fees and costs ($4,535.00), counsel's effective hourly rate is approximately $250.00 per hour. A review of the Florida Bar's website reveals that Plaintiff's counsel has been admitted to practice law in Florida since November of 1995. In determining the reasonableness of the number of hours worked and the hourly rates in the prevailing market for similar work, the Court is, itself, an expert. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994). Based upon Plaintiff's averments in her answers to the Court's Interrogatories and the fact Plaintiff's counsel has been practicing law in this state for over twenty (20) years, the undersigned finds that the number of hours expended and effective hourly rate claimed in this case are reasonable. Accordingly, it is **RECOMMENDED** that the Court find the attorneys' fees and costs allocated under the Agreement are fair and reasonable.

### C. General Release, Confidentiality Provision, and Mutual-Non Disparagement Covenant.

The Agreement contains general releases from Plaintiff to Defendants as well as a general release from Defendants to Plaintiff. Doc. No. 22-1 at 1-2. In Plaintiff's general release, she agrees to release Defendants from any and all claims she may have against the Defendant, whether

known or unknown.  Doc. No. 22-1 at 1.  Although the Eleventh Circuit has not addressed the effect of a general release on the fairness and reasonableness of an FLSA settlement, a number of courts in this District have questioned the propriety of such a release in FLSA settlements.  *E.g.*, *Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) (citing *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010)).  This is true even where there has been full compensation.  *See, e.g.*, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010) ("[I]f the parties' proposed 'full compensation' agreement includes an additional term – such as the forbearance of a valuable right of the employee, including perhaps one of the employee's FLSA rights, or the exchange of another valuable consideration of any kind – the notion of 'full compensation' becomes illusory and inapplicable.").  The Honorable Steven D. Merryday explained:

> An employee seeking to vindicate his FLSA rights often desperately needs his wages, and both the employee and the employer want promptly to resolve the matter.  In a claim for unpaid wages, each party estimates the number of hours worked and the plaintiff's wage (i.e., establishes a range of recovery), and the court evaluates the relative strength of the parties' legal argument asserted in the particular case.  However, in an FLSA action, neither party typically attempts to value the claims not asserted by the pleadings but within the scope of a pervasive release – that is, those "known and unknown," or "past, present, and future," or "statutory or common law," or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release.  Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.

*Moreno*, 729 F. Supp. 2d at 1351-52.  In light of these concerns, the unexplained inclusion of a general release, be it unilateral or mutual, in a FLSA settlement often results in a finding that the settlement is not a fair and reasonable resolution of plaintiff's FLSA claims.  *E.g.*, *Bright*, 2012 WL 868804, at *4; *Shearer v. Estep Const., Inc.*, Case No. 6:14-cv-1658-Orl-41GJK, 2015 WL 2402450, at *4 (M.D. Fla. May 20, 2015).  That is not to say a general release may never be

included in a FLSA settlement. Courts in this District have approved FLSA settlements with general releases where the parties provide the Court with sufficient information, such as detailed explanation in their motion or an affidavit from plaintiff(s), regarding any other claims that the employee is knowingly releasing, including the fair value of such claims, whether those claims are being compromised and, if so, the reasons for such compromise and the consideration given in exchange for the general release. *See, e.g.*, *Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100.00 as separate consideration for a general release); *Bright*, 2012 WL 868804, at *5 (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her). The parties have provided no such explanation (*see* Doc. No. 22) and, therefore the Court cannot make an informed determination as to whether the Plaintiff's general release in this case effects the fairness and reasonableness of the settlement. Moreover, the Agreement contains no separate consideration for the Plaintiff's general release.

The Agreement also contains confidentiality and mutual non-disparagement clauses. Doc. No. 22-1 at 2-3. The confidentiality clause precludes Plaintiff, without prior approval, from discussing the terms of the Agreement with anyone other than members of Plaintiff's immediate family, her accountant or attorney, the Internal Revenue Service, others with a "business-related reason to know," or as otherwise required by law. Doc. No. 22-1 at 2-3. The non-disparagement clause precludes the parties from disparaging each other or inducing others to do so. Doc. No. 22-1 at 3.

Courts within this circuit routinely reject such confidentiality and non-disparagement clauses contained in FLSA settlement agreements because they "thwart Congress's intent to ensure

widespread compliance with the FLSA." *Pariente v. CLC Resorts and Developments, Inc*., No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014) (internal quotations omitted and citing authorities); *see also Weldon v. Backwoods Steakhouse, Inc*., No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (non-disparagement clauses are generally rejected in FLSA settlement agreements and citing authority). Additionally, such provisions have been rejected because they are inherently unenforceable due to the public filing of the settlement agreements containing the confidentiality and non-disparagement clauses. *See Housen v. Econosweep & Maintenance Services, Inc*., No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, at *2 (M.D. Fla. Jun. 6, 2013) (confidentiality clauses are unenforceable when the settlement agreement is filed on the public docket and citing authority).

While such provisions have been approved when the Plaintiff receives separate consideration, in this case there is no such consideration and the undersigned finds that the confidentiality and non-disparagement clauses in this case would unduly thwart Congress's intent to ensure widespread compliance with the FLSA. *See Smith v. Aramark Corp.*, Case No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3-4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement providing separate consideration for a confidentiality and non-disparagement clause); *Caamal v. Shelter Mortg. Co., LLC*, Case No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving FLSA settlement providing $500.00 as separate consideration for a general release, non-disparagement clause, and waiver of future employment with defendant).

Nevertheless, even though the Plaintiff's general release, the confidentiality provision, and the mutual non-disparagement clause are unenforceable they do not preclude approval of the Agreement in this case. The Agreement contains a severability clause, providing:

> In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, <u>with the exception of the Settlement Amount</u>, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

Doc. No. 22-1 at ¶ 12 (emphasis added). Thus, with the exception of the Settlement Amount (Doc. No. 22 at ¶ 3), all other terms may be severed without effecting the enforceability of the balance of the Agreement. Doc. No. 22 at ¶ 12. Thus, pursuant to the severability clause, the Court may strike the Plaintiff's general release (Doc. No. 22-1 at ¶ 1), the confidentiality provision (Doc. No. 22-1 at ¶ 5), and the mutual non-disparagement covenant (Doc. No. 22-1 at ¶ 7) from the Agreement without impacting the enforceability of the remainder of the Agreement. *See Pariente*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5-6 (M.D. Fla. Oct. 24, 2014) (striking confidentiality clause pursuant to severability clause). Accordingly, it is **RECOMMENDED** that the Court strike the above-cited provisions of the Agreement as invalid and unenforceable.[5]

## IV. CONCLUSION.

Based on the foregoing, it is hereby **RECOMMENDED** that the Court enter an order **GRANTING in part and DENYING in part** the Motion (Doc. No. 22) as follows:

1. The Court should **STRIKE** the Plaintiff's general release (Doc. No. 22-1 at ¶ 1), the confidentiality provision (Doc. No. 22-1 at ¶ 5) and the mutual non-disparagement covenant (Doc. No. 22-1 at ¶ 7) from the Agreement;

2. The Motion (Doc. No. 22) should be **GRANTED** to the extent that the Court finds the Agreement (Doc. No. 22-1), with the modifications set forth above, to be a fair and

---

[5] To be clear, the undersigned is not recommending that the Court strike the Defendant's general release. Doc. No. 22-1 at 1-2.

reasonable compromise of Plaintiff's FLSA claims;

3. The Motion should be otherwise **DENIED**; and

4. The Court should **DISMISS the case with prejudice**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite the final disposition of this matter, if the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida on May 26, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties